**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Bostic, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 9574 |
| | ) | |
| Pinnacle Credit Services, LLC, a | ) | |
| Minnesota limited liability company, and | ) | |
| CACH,LLC, a Colorado limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Bostic, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Mary Bostic ("Bostic"), is a citizen of the State of South Carolina, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a GE Capital/Sam's Club account, despite the fact that she had demanded, as was her right, that collection actions cease, and despite the fact that she

was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Pinnacle operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Pinnacle was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5.      Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  CACH operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendants Pinnacle and CACH are bad debt buyers, which buy large portfolios of defaulted consumer debts for pennies on the dollar, which they then collect upon through other collection agencies.

7.      Defendants are each authorized to conduct business in the State of Illinois

2

and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive and substantial business in Illinois.

8. Defendants are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Bostic is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to GE Capital for a Sam's Club account. At some point in time after that debt became delinquent, Defendant CACH bought Ms. Bostic's GE Capital/Sam's Club debt, and when Defendant CACH began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, Defendant CACH hired Integrity Financial Partners to demand payment of the GE Capital/Sam's Club debt from Ms. Bostic, which did so by sending her a collection letter dated January 19, 2012. A copy of this collection letter is attached as Exhibit C.

11. Accordingly, on January 23, 2012, one of Ms. Bostic's attorneys at LASPD informed Defendant CACH, through its collection agency, that Ms. Bostic was represented by counsel, and directed CACH to cease contacting her, and to cease all further collection activities because Ms. Bostic was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax

3

confirmation are attached at Exhibit D.

12.     Instead of ceasing collections, however, Defendant CACH then sold/transferred/assigned the account to Defendant Pinnacle.  Defendant Pinnacle then sent Ms. Bostic a collection letter, dated June 27, 2012, which demanded payment of the GE Capital/Sam's Club debt.  A copy of this collection letter is attached at Exhibit E.

13.     Accordingly, on June 29, 2012, Ms. Bostic's LASPD attorney sent Defendant Pinnacle a letter, again directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached at Exhibit F.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Plaintiff's agent/attorney, LASPD (Exhibit D), told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants

4

violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing (Exhibit <u>D</u>), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly sending a collection letter to Plaintiff (Exhibit <u>D</u>), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24.     Plaintiff adopts and realleges ¶¶ 1-15.

25.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  Defendant CACH, by selling accounts in which there was a cease collections demand/notice of attorney representation, and Defendant Pinnacle, by either not finding out if there was a cease collections/notice of attorney representation on Plaintiff's account, or ignoring the fact that there were such restrictions on the account, used unfair or unconscionable actions, in violation of § 1692f of the FDCPA.

26.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Bostic, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of all Plaintiff, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Bostic, demands trial by jury.

Mary Bostic,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  November 30, 2012

6

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com